**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTONIO WHITE LANDELL, PH.D, Appellant, | DOCKET NUMBER PH-0752-13-5854-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, Agency. | DATE: September 12, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Antonio White Landell, Ph.D.</u>, Bristow, Virginia, pro se.

<u>Devon L. Zebrovious</u>, Esquire, <u>Robert Schapler</u>, and <u>William Christopher Horrigan</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Prior to the matter at issue, the appellant served as an Intelligence Officer with the Defense Intelligence Agency (DIA). His position required that he be eligible for access to Sensitive Compartmented Information (SCI), i.e., maintain a security clearance.[2] Initial Appeal File (IAF), Tab 11 at 4. On November 16, 2011, the Chief, Defense Intelligence Central Adjudication Facility (DICAF) notified the appellant of the agency's intent to revoke his eligibility for access to SCI. *Id.*, Tab 9 at 40. The appellant was advised that information developed from an investigation of his personal history reflected security concerns that were deemed to be inconsistent with the agency's established eligibility criteria. *Id.* The notice included a Statement of Reasons (SOR) for the intended action. *Id.* at 38. On June 20, 2012, the agency indefinitely suspended the appellant based on DICAF's November 16, 2011 notice.[3] *Id.* at 47. On August 1, 2012, the Chief, DICAF, notified the appellant of the agency's final revocation of his eligibility

---

[2] Under Department of Defense (DOD) regulations, the term "security clearance" refers to a determination that a person is eligible for access to classified information. 32 C.F.R. § 154.3(t).

[3] The appellant did not file a Board appeal of this action.

for access to SCI, *id.* at 49, and of his right to appeal that decision to the Defense Intelligence Security Appeals Board (DISAB), *id.* at 50, which he did. On January 15, 2013, DISAB affirmed DICAF's decision to revoke the appellant's eligibility for SCI and collateral classified information. *Id.* at 51.

¶3  On April 24, 2013, the agency proposed to remove the appellant based on his failure to satisfy a condition of employment, specifically, his eligibility for access to SCI. *Id.*, Tab 12 at 15. And, on July 10, 2013, the agency issued a decision upholding the proposal, warranting the appellant's removal, effective July 15, 2013. *Id.*, Tab 1 at 12, 8.

¶4  On appeal, the appellant challenged the agency's action. *Id.*, Tab 1. After convening the requested hearing,[4] *id.* at 2, the administrative judge issued an initial decision affirming the agency's action, *id.*, Tab 17, Initial Decision (ID) at 1, 6. He found that the agency had submitted evidence that the appellant did not dispute showing that his position required that he maintain eligibility for access to SCI, ID at 4; IAF, Tab 11 at 3, Tab 15 at 2, and that his access had been revoked. The administrative judge further found that the agency provided the appellant with the procedural protections required by 5 U.S.C. § 7513. ID at 4; IAF, Tab 12 at 15, Tab 1 at 12, and that the agency had thereby established all of the elements necessary for the Board to sustain its decision to remove the appellant,[5] ID at 4. To the extent the appellant alleged that the agency's action was discriminatory, the administrative judge found that such claims are not cognizable in an appeal deriving from the revocation of a security clearance. ID at 3. As to the appellant's claims of harmful procedural error, the administrative

---

[4] As such, we find without basis the appellant's request on review for a hearing.

[5] The administrative judge found that the agency had no policy or regulation obligating it to reassign the appellant to a position not requiring access to SCI, noting that all positions at DIA require such access. ID at 6.

judge found that the agency did not violate Executive Order 12968[6] by conducting the instant investigation, ID at 4-5, and that the appellant's other claims of harmful error appeared to implicate the merits of the agency's determination to investigate the appellant and take action, matters the Board was precluded from considering.  ID at 5-6.

¶5        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, which the agency opposes, *id.*, Tab 3.

¶6        It is well established that the Board's review of an adverse action resulting from the revocation of a security clearance is limited to whether a security clearance was denied, whether it was a requirement of the appellant's position, and whether the agency followed the requirements of 5 U.S.C. § 7513.  *See Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000) (citing *Department of the Navy v. Egan,* 484 U.S. 518, 530-31 (1988)).  The administrative judge found that the agency made the required showing as to these matters, ID at 4, and the appellant has not shown error in these findings.[7]  As such, we reject as wholly unsupported his claim that the cases decided by our reviewing court and cited by the administrative judge in the initial decision in support of his findings should be deemed irrelevant.  *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 12 (2009) (decisions of the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board).  Similarly, we find no merit to the appellant's claim that, because of the length of time he held a security clearance, the U.S. Supreme Court's decision in *Egan* should not be deemed controlling.

¶7        Section 7513 of Title 5 is not the only source of procedural protections for employees subject to adverse actions.  5 U.S.C. § 7701(c)(2)(A).  The Board has

---

[6] Certain provisions of the Executive Order permit a gaining component to reciprocally accept a losing component's security clearance determination as to a transferred employee without conducting further investigation.  ID at 5.

[7] Although the appellant challenges the independence and impartiality of the deciding official, he has not thereby alleged any violation of 5 U.S.C. § 7513.

recently found that it may review whether the agency complied with its own procedures in imposing an adverse action based on a security clearance determination. *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014). Under DOD 5200.2-R, C8.2.2, these procedural protections include provision of a statement of the reasons for the unfavorable administrative action, the opportunity to respond to the Central Adjudication Facility (CAF), a written decision from the CAF, the opportunity to appeal to the relevant Personnel Security Appeals Board, and a written decision from that Board. *Schnedar*, 120 M.S.P.R. 516, ¶ 10. Based on our review of the record, the agency in this case provided the appellant with these procedures, and he has not argued otherwise.

¶8    On review, the appellant argues that the matters on which the agency relied in revoking his access to SCI occurred when he was on active military service. He also challenges the agency's SOR, arguing that, in any event, the agency did not support its allegations against him. In addition, he contends that the agency took this action so as to be able to replace him with a favored employee.[8] These claims, however, bear on the merits of the agency's decision to revoke the appellant's access to SCI, and, despite the appellant's claim that the Board is morally and justifiably obligated to look behind the agency's decision, it is a matter which the Board may not review. *Egan*, 484 U.S. at 530-31 (in an appeal under 5 U.S.C. § 7513 based on the denial or revocation of a security clearance, the Board does not have authority to review the substance of the underlying security clearance determination).

¶9    The appellant also challenges the credibility of the DICAF Chief, the individual who issued the notice of intent to revoke the appellant's eligibility for

[8] The appellant suggests that the Office of Special Counsel should investigate the agency for having committed a prohibited personnel practice in connection with what he describes as pre-selection, and that it should grant corrective action under 5 U.S.C. §§ 1214 and 1215. The appellant is free to pursue such a remedy at his discretion.

access to SCI and the final revocation. The appellant asserts that she was not credible in her testimony regarding the reasons for the agency's revocation of his security clearance, and that, because she also served as Security Chief, she lacked impartiality. As noted above, the Board may not review the substance of the underlying security determination. *Egan*, 484 U.S. at 530-31. In addition, while the administrative judge did not make specific findings that the DICAF Chief testified credibly, he did rely on certain portions of her testimony in finding unsupported the appellant's claims of harmful error. ID at 5. However, the Board defers to an administrative judge's findings when they are based explicitly or implicitly on his observation of the demeanor of a testifying witness. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *Gager v. Department of Commerce*, 99 M.S.P.R. 216, ¶ 5 (2005).

¶10     On review, the appellant reasserts his status as a "minority" employee and argues that, by its action, the agency condoned discriminatory practices. As the administrative judge properly found, however, the Board lacks jurisdiction over allegations of discrimination in connection with an appeal from the revocation of a security clearance. *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 (2010).

¶11     With his petition, the appellant has submitted a copy of his performance appraisal for the period October 1, 2009 to October 9, 2010. PFR File, Tab 1 at 34-39. We will not consider this evidence as it is neither new nor material to the dispositive issues in this appeal. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
William D. Spencer
Clerk of the Board

Washington, D.C.